UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN KLEIN,

    Plaintiff,                                        CASE NO.:

vs.

SUPERIOR GROUP OF COMPANIES, INC.
and SUPERIOR UNIFORM GROUP, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, STEVEN KLEIN, hereinafter referred to as "PLAINTIFF" by and through his undersigned counsel and sues the Defendants, SUPERIOR GROUP OF COMPANIES and SUPERIOR UNIFORM GROUP, LLC, hereinafter referred to as "DEFENDANTS", and states as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391 and § 1367.

**PARTIES**

3.    Plaintiff is a resident of Nashville, Tennessee.

4.    Defendants are Florida corporations, authorized and doing business in Pinellas County, Florida.

5    Defendants are employers as defined by the laws under which this action is brought and employ the required number of employees.

6. Defendants are joint employers and/or a common enterprise.

## ADMINISTRATIVE PREREQUISITES

7. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit A.

8. All conditions precedent to bringing this action have occurred under the Age Discrimination in Employment Act as more than sixty (60) days have passed since the filing of Plaintiff's Charge of Discrimination.

9. Plaintiff intends to move for leave of court to file his claims under Fla. Stat. Chap. 760 once the 180 days have passed since filing the Charge of Discrimination.

## GENERAL ALLEGATIONS

10. At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

11. At all times material, Plaintiff was qualified to perform his job within the legitimate expectations of his employer.

12. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

14. Plaintiff is a 59-year-old male.

15. On or about March 1985, Plaintiff began his employment with Defendants in the position of Sales Trainee.

16. During his employment Plaintiff received several promotions involving territory.

17. During his first three decades of employment Plaintiff had no issues or discipline working for four separate sales managers.

18. From 2011 through 2016, Plaintiff earned membership into the Gold Sales Circle and was among the top three sales performers for the entire company.

19. In 2017, Plaintiff began reporting to President, P. Benstock and new Sales Manager, B. Alpert.

20. On July 28, 2017, Plaintiff received a call from Benstock and Alpert. Benstock informed Plaintiff there was a "new era" in the company and that they were changing his position in the company.

21. Plaintiff, despite his long history of successful performance, was demoted from Territory Sales Manager to Sr. Client Relationship Manager.

22. The new position included reduced commissions and restricted Plaintiff to soliciting sales from only his then existing active territory accounts. Plaintiff was specifically prohibited from soliciting new account acquisitions or previous non-active accounts.

23. Plaintiff was the longest tenured Sales Manager in the company.

24. Only Plaintiff and the oldest Sales Manager were reassigned to these "new era" positions.

25. Not surprisingly, due to the onerous sales restrictions, Plaintiff's sales began to diminish as certain of his existing accounts were lost through the competitive bid process common in the industry over the course of his three decades of work for the company.

26. Throughout 2019, and prior to, Plaintiff requested his superiors to allow him to pursue new acquisition accounts or previous non-active accounts some of which he had decades long relationships with.

27. Incredibly, each of Plaintiff's efforts and requests were flatly denied.

28. Instead, Plaintiff was criticized for the obvious, natural and expected reduction in the arbitrarily static list of "existing" active customers for which Benstock and Alpert limited his sales activities in July of 2017.

29. It was becoming increasingly apparent to Plaintiff that Defendants' actions were intended as an effort to get him to quit or action plan him for termination based upon his age.

30. Defendants and Peter Benstock individually, have a history of discarding long tenured, older workers.

31. On October 11, 2019, during a Group Sales Conference Call, Manager Dan Schwartz stated, "we need to understand it's a "new" time, we are a "new" sales organization and need "new" thinking".

32. Shortly thereafter on October 31, 2019, Plaintiff was terminated.

## COUNT I
## AGE DISCRIMINATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT

33. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 –32.

34. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act.

35. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of his age in violation of the Age Discrimination in Employment Act.

36. The comments and conduct of Defendants constitute unlawful harassment and created a hostile work environment.

37. Defendants knew or should have known of the discrimination.

38.     As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendants for back pay and benefits, front pay and benefits, compensatory damages, punitive damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

DATED this 26th day of March 2020.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
 Facsimile (727) 483-7942
Attorneys for Plaintiff